# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WILLIAM SHAVERS**                                                                                         **PLAINTIFF**

**V.**                                            **CAUSE NO. 1:11CV347-LG-JMR**

**GILLS & ASSOCIATES, INC.**                                                        **DEFENDANT**

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT is the [39] Motion for Default Judgment filed by Plaintiff William Shavers against Defendant Gills & Associates, Inc. (hereinafter "Gills & Associates"). Having reviewed the Motion and the record in this action, the Court finds that the Motion should be denied.

According to the record, Defendant Gills & Associates was served with Summons and a Complaint on April 27, 2012. *See* Mot. Ex. 2, ECF No. 39-2. Gills & Associates has failed to plead, answer or otherwise defend in this matter. However, Plaintiff Shavers has not yet obtained a clerk's entry of default against Gills & Associates, as required under Federal Rule of Civil Procedure 55.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Default under Rule 55 is a two-step process: (1) the entry of default by the Clerk and (2) the subsequent entry of a default judgment by the Court. This first step, entry of default, is a usually a ministerial matter performed by the clerk and is a prerequisite to a later default judgment. *See* 10 Moore's Federal Practice, § 55.10[1] (3d. ed.2010). When a plaintiff has failed to follow this procedure, courts have denied their motions for default judgment because an entry of default by the Clerk under Rule 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b). *See, e.g., Husain v. Casino Control Comm'n,* 265 F. App'x 130, 133 (3d

Cir.2008) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *Limehouse v. Delaware,* 144 F. App'x 921 (3d Cir.2005) (denying plaintiff's motion for default where plaintiff failed to request an entry of default prior to moving for default judgment); *Brooks v. United States*, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1998) *aff'd,* 162 F.3d 1167 (9th Cir. 1998)( "The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [39] Motion for Entry of a Default Judgment Against Defendant Gills and Associates, Inc. is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE